## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAZARO DAVID MUNOZ SOTO,

    Petitioner,

    v.

KEVIN RAYCRAFT, et al.,

    Respondents.

Case No. 1:26-CV-509

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Petitioner Lazaro David Munoz Soto's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 9), and Petitioner has replied, (Doc. 10).

## I.   FACTUAL BACKGROUND

Petitioner, a citizen of Cuba, entered the United States in January 2024. He was inspected at the Calexico West Port of Entry and granted a two-year parole by the Department of Homeland Security ("DHS") pursuant to INA § 212(d)(5). (Doc. 1, PageID 61). Petitioner moved to Louisville, Kentucky, obtained employment authorization, and applied for status under the Cuban Adjustment Act, after which his removal proceedings were terminated by an Immigration Judge ("IJ"). (*Id.*, PageID 67, 72, 74). As far as the Court is aware, that application remains pending with United States Citizenship and Immigration Services ("USCIS").

1

In December 2025, Petitioner was approached by a law enforcement officer at a gas station in Dayton, Ohio, who asked for identification. According to Petitioner:

> After running Petitioner's information, the officer informed Petitioner that warrants allegedly existed for "Lazaro Davis Munoz Soto" arising from prior years predating Petitioner's arrival in the United States. Petitioner immediately denied that the warrants pertained to him and explained that his name was "Lazaro David Munoz Soto," not "Lazaro Davis Munoz Soto," and that he had not entered the United States until 2024.
>
> Despite those explanations, Petitioner was arrested and transported to Montgomery County, Ohio for extradition proceedings. The allegations surrounding the warrants repeatedly changed during the proceedings. Authorities later asserted that a separate warrant allegedly existed from Campbell County, Kentucky arising in March 2025. Petitioner consistently denied ever being present in Campbell County, Kentucky or engaging in any conduct associated with those allegations. Counsel for Petitioner contacted the Campbell County prosecutor's office regarding the alleged warrant and was informed that the prosecutor could not definitively verify Petitioner's identity in relation to the allegations. No Governor's warrant was timely issued. Petitioner's extradition proceedings ultimately expired after the statutory period elapsed without lawful extradition documentation being secured. No criminal conviction resulted from those proceedings.

(*Id.*, PageID 5-6).

Nevertheless, Petitioner remained in custody in Ohio after Immigration and Customs Enforcement ("ICE") lodged an immigration detainer against him. In January 2026, Respondents assert that "Petitioner's parole expired, and he returned to his status as an arriving alien, seeking admission." (Doc 9, PageID 147). What

followed was the recommencement of removal proceedings by DHS and a series of filings and proceedings in which Respondents advanced contradictory claims and information. To date, it appears that Respondents have provided no evidence as to Petitioner's alleged criminality, nor have they demonstrated that Petitioner's parole was properly revoked at any time prior to its two-year expiration.

On April 24, 2026, the IJ denied Petitioner's motion to terminate his newly-initiated removal proceedings. (Doc. 1, PageID 78). Then, on May 12, following the Sixth Circuit's opinion in *Lopez-Campos v. Raycraft*, No. 25-1965, ___ F.4th ___, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026), Petitioner moved for a custody redetermination hearing. However, on May 19, the IJ denied bond because "THE COURT LACKS JURISDICTION," and "THE RESPONDENT IS AN ARRIVING ALIEN." (Doc. 1, PageID 76).

Petitioner remains in custody at the Butler County Jail on behalf of federal immigration authorities, and the length of his detention is approaching six months. He asserts that he is being held in violation of federal law and the Fifth Amendment, and asks the Court to grant habeas relief in the form of immediate release from ICE custody. (*Id.*, PageID 3). Respondents argue that Petitioner is an "arriving alien" under 8 U.S.C. § 1225(b)(2)(A), and is therefore subject to mandatory detention regardless of the Sixth Circuit holding in *Lopez-Campos*. Alternatively, Respondents argue that Petitioner failed to exhaust his administrative remedies and that his detention does not run afoul of the Fifth Amendment in the first place. (Doc. 9, PageID 148).

## II.    STANDARDS OF LAW & ANALYSIS

### a.  Administrative Exhaustion

As an initial matter, Respondents argue that the Court lacks jurisdiction to grant habeas relief because Petitioner has not exhausted his administrative remedies. But Respondents' own reasoning in support of applying a prudential exhaustion requirement undercuts the very argument they put forth. To the extent that any actual administrative review has occurred, it has not "allow[ed] the agency to correct its own mistakes," and has instead further entrenched those mistakes. (*Id.*, PageID 149). Moreover, if any party has "encourage[d] the deliberate bypass of the administrative scheme," the record reflects that it was Respondents themselves. (*Id.*).

In any event, the Court has repeatedly addressed the issue of exhaustion in this context and rejected Respondents' position, "both as a matter of 'sound judicial discretion'" and in light of the "substantial constitutional question" presented by the petition. *Garcia Gonzales v. Raycraft*, No. 1:26-CV-112, 2026 U.S. Dist. LEXIS 35094, at *4 (S.D. Ohio Feb. 20, 2026) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) and *Lopez v. Barr*, 458 F.Supp.3d 171, 176 (W.D.N.Y. 2020)). And apart from those considerations, the petition raises "non-frivolous constitutional challenges to an agency's procedures." *Id.* (quoting *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006)).

### b.  Statutory Framework

As for the statutory framework under which Petitioner is being held, the Court is puzzled by Respondents' insistence that mandatory detention without bond is

4

required here by 8 U.S.C. § 1225(b)(2)(A). The Sixth Circuit's opinion in *Lopez-Campos* affirms the Court's prior holding that "detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalents." *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801, at *7 (S.D. Ohio Feb. 18, 2026) (internal quotation and citation omitted); *cf. Qasemi v. Francis*, No. 25-CV-10029, 2025 U.S. Dist. LEXIS 261199, at *29-30 (N.D.N.Y. Dec. 17., 2025) ("Section 1182(d)(5)(A) . . . does *not* state that a noncitizen is returned to the 'status' they held upon their parole, that they revert to status as an 'arriving alien,' or that they must be detained."). And the facts of this case do not distinguish it from the Court's prior immigration detention cases to the extent that a different outcome is warranted.

Because Petitioner was inspected at the border and paroled into the interior of the country, he cannot now be an "arriving alien" who is "seeking admission," such that he must be subjected to mandatory detention under Respondents' interpretation of § 1225(b). *Lopez-Campos*, 2026 U.S. App. LEXIS 13519, at *25 ("So a noncitizen who seeks such immigration relief is not 'seeking admission' under § 1225(b)(2)(A)."). Put another way, Respondents urge the Court to employ a reasoning that "produces an unjust and counterintuitive result," and is "absurd in the facts and circumstances of this case." *Walizada v. Trump*, No. 2:23-CV-768, 2025 U.S. Dist. LEXIS 256630, at *38-39 (D. Vt. Dec. 11, 2025); *see also Araque-Marquez v. Olson*, No. 26-84-DLB, 2026

5

U.S. Dist. LEXIS 64037, at *5 (E.D. Ky. Mar. 26, 2026) (collecting cases). Therefore, Petitioner falls under § 1226(a).

### c.  Constitutional Question

Respondents acknowledge that "Petitioner has great interest in freedom from unlawful confinement," but then proceed to assert that "his confinement is lawful" and he has "ample available process in current removal proceedings." (Doc. 9, PageID 154). However, as in prior cases, "it appears 'the Government returns again and again to push the same theory uphill, only for courts to send it rolling back down again.'" *Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *10 (quoting *Rios Porras v. O'Neill*, No. 25-6801, 2025 U.S. Dist. LEXIS 263464, at *5 (E.D. Pa. Dec. 22, 2025)).

For the same reasons that the Court has propounded numerous times in substantially similar cases, Petitioner's detention under the circumstances stands in direct violation of his due process rights. *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 933 (S.D. Ohio 2026); *see Mathews v. Eldridge*, 424 U.S. 319 (1976). And although Petitioner also makes a compelling and well-supported argument as to the impropriety of Respondents' premature termination of his parole without notice or an opportunity to respond, *see, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F.Supp.3d 1130, 1136 (W.D. Wash. 2025), the Court need not reach that issue today because the other statutory and constitutional questions are dispositive.

### d.  Remedy

In all previous grants of habeas relief to civil immigration detainees to this point, the undersigned has ordered Respondents to either release a petitioner from

custody or provide a constitutionally adequate bond hearing within a certain amount of time. *See, e.g.*, *Diallo v. Raycraft*, No. 1:26-CV-423, ___ F.Supp.3d ___, No. 1:26-CV-423, 2026 U.S. Dist. LEXIS 118446 (S.D. Ohio May 18, 2026); *Velasque Salazar v. United States Immigr. & Customs Enf't*, No. 1:26-CV-245, 2026 U.S. Dist. LEXIS 56674 (S.D. Ohio Mar. 18, 2026); *Wali v. Raycraft*, No. 1:26-CV-145, 2026 U.S. Dist. LEXIS 36339 (S.D. Ohio Feb. 23, 2026); *Garcia Gonzales*, 2026 U.S. Dist. LEXIS 35094. But the Court is confronted with a complicating factor here: complete futility.

Unlike other cases post-*Lopez-Campos* in which Respondents have affirmed that they will respect and adhere to the Sixth Circuit's opinion when the Court orders a custody redetermination hearing, Respondents have done no such thing here. In fact, Respondents continue to argue that Petitioner is statutorily precluded from the relief normally available at a bond hearing, and the IJ has expressly flouted the Sixth Circuit's authority by declining to find jurisdiction. Therefore, because anything short of release would almost certainly subject Petitioner "to the hardship of [continued] mandatory detention without due process," *Lopez-Campos*, 2026 U.S. App. LEXIS 13519, at *39, the Court may order release in accordance with its broad discretion "to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243).

### III.    CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **GRANTED**.[1] Respondents are **ORDERED** to **immediately release** Petitioner from custody, subject only to the conditions, if any, that existed under Petitioner's prior parole.

Respondents **SHALL** file a status report with the Court on or before June 8, 2026, to certify compliance with this order. Furthermore, Respondents are **ENJOINED** from re-detaining Petitioner, absent exigent circumstances, without providing notice and a pre-deprivation hearing.[2]

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett
United States District Judge

---

[1] As a result, the motion to dismiss filed by Respondent Butler County Sheriff is DENIED as moot.

[2] At any pre-deprivation hearing, Respondents shall bear the burden of proof and adduce clear and convincing evidence on the record that Petitioner is either a flight risk or a danger to the community, such that less restrictive alternatives to detention could not reasonably address the governmental interest.